**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CIVCON SERVICES, INC.**, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ACCESSO SERVICES, LLC** )<br>)<br>**Defendant** )<br>)<br>) | Case No. 1:20-cv-01821 |

**FORM OF ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

Plaintiff has filed its Unopposed Motion for Preliminary Approval of Settlement, Memorandum in Support, and submitted supporting arguments and evidence. With no opposition filed and having reviewed the Unopposed Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and the file, the Court hereby **ORDERS AND ADJUDGES:**

**Preliminary Approval of the Settlements and Certification of Settlement Class**

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given to the Settlement Class.

2. This Court certifies a Settlement Class defined as follows:

> All individuals and entities that are or were tenants in Chicago Loop buildings with addresses of 200 W. Monroe, 230 W. Monroe, or 20 N. Clark who moved into or out of or paid for tenant improvements in said buildings between March 16, 2016 and December 31, 2020.

3. The Court appoints the law firms of Stephan Zouras, LLP, Foster PC, The Walner Law Firm, LLC and Caroline J. Smith & Assoc., P.C. as Class Counsel for the Settlement Class.

**Approval of the Notice Plan**

4. The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2). RG/2 Claims Administration LLC is hereby appointed as Claims Administrator and ordered to effectuate the notice plan.

5. The proposed notice plan set forth in the Motion and the supporting declarations complies with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via direct mail to all class members.

6. The proposed notice and its manner of transmission complies with Rule 23(c)(2)(B) and due process because the notice is reasonably calculated to adequately apprise Settlement Class members (i) of the nature of the action; (ii) of the definition of the class certified; (iii) of the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) of the time and manner for requesting exclusion; and (vii) of the binding effect of a class judgment on members under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

**Schedule for Class Notice and the Fairness Hearing**

7. The Court hereby sets the below schedule for the dissemination of notice to the class, for Settlement Class members to object to or exclude themselves from the Settlements, timing for Class Counsel to bring a motion for disbursement, attorneys' fees, costs and incentive awards, if any, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs,

the updated hearing date shall be posted on the RG/2 Claims Administration LLC website, but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class members.

| DATE | EVENT |
|---|---|
| 1. April 12, 2021 | Settlement Administrator to provide direct mail notice. |
| 2. Mary 27, 2021 | Plaintiff to file its Motion for Attorneys' Fees, Costs, and Service Awards. |
| 3. June 11, 2021 | Last day to request exclusion from the Settlement Class; and for Settlement Class members to file claims, challenge calculated purchase amounts, object to the Settlements; and file notices to appear at the Fairness Hearing. |
| 4. June 21, 2021 | Class Counsel shall file with the Court a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class. |
| 5. 14 days before Fairness Hearing | Class Counsel shall file a motion for final approval of the Settlements and all supporting papers, and Class Counsel and the Settling Defendants may respond to any objections to the proposed Settlements. |
| 6. __July 21, 2021 at 10:00 a.m. | Final Settlement Fairness Hearing. |

## Other Provisions

8.      Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

9.      Pending the final approval of the settlement, the unexpired deadlines and any required actions set forth in the Court's Scheduling Order are stayed and the prosecution of the Released Claims as set forth in the Settlement Agreement are enjoined unless or until any person is validly excluded from the Settlement Class or is not a Settlement Class Member.

10.     If the Settlement Agreement is not finally approved, then that Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in that Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiff, the Defendant, and the members of the Class.

The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

    **IT IS SO ORDERED.**

DATED: March 12, 2021

                                               HON. VIRGINIA M. KENDALL
                                               UNITED STATES DISTRICT JUDGE