# EXHIBIT C

# SETTLEMENT AGREEMENT AND RELEASE

## I. PREAMBLE

1. This Settlement Agreement is made and entered into as of the dates of Execution set forth below, by and among (1) Plaintiff CivCon Services, Inc., individually and on behalf of the Settlement Class, (2) Settlement Class Members, and (3) Accesso Services, LLC.

## II. DEFINITIONS

1. "*Accesso*" means Accesso Services, LLC as well as any parent, subsidiary, successor, or affiliate of Accesso, and the officers, directors, owners, managers, members, agents, servants, representatives or employees of Accesso.

2. "*Action*" means the pending action styled *CivCon Services, Inc., individually and on behalf of all others similarly situated v. Accesso Services LLC*, United States District Court for the Northern District of Illinois, Case No. 1:20-cv-01821.

3. "*Agreement*" means this Settlement Agreement and Release.

4. "*Attorneys' Fees and Litigation Expenses*" means the attorneys' fees and litigation expenses to be requested by Class Counsel subject to Court approval in accordance with this Agreement.

5. "*CAFA Notice*" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

6. "*CivCon*" means CivCon Services, Inc., as well as any parent, subsidiary, or affiliate of CivCon, and the officers, directors, owners, agents, servants, or employees of CivCon.

7. "*Class Counsel*" means Foster P.C., Stephan Zouras, LLP, The Walner Law Firm, LLC, and Caroline J. Smith & Associates, P.C.

8. "*Class Period*" means the period from March 16, 2016 through December 31, 2020.

9. "*Court*" means the United States District Court for the Northern District of Illinois, Eastern Division.

10. "*Defendant*" means Accesso Services, LLC.

11. "*Execution*" means the signing of this Agreement by all signatories hereto.

12. "*Final Approval Hearing*" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of Attorneys' Fees and Litigation Expenses awarded to Class Counsel and the amount of the Settlement Class Representative Incentive Payment.

13. "*Final Approval Order*" means the final judgment and order of dismissal approving the Settlement and dismissing the Action with prejudice, substantially in the form of the proposed Final Approval Order attached hereto as Exhibit 3, which this Settlement contemplates will be

entered and approved by the Court. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

14. "*Notice*" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement, substantially in the form attached hereto as Exhibit 1.

15. "*Notice and Administration Costs*" means any and all costs associated with administering the Settlement, including but not limited to mailing costs, printing costs, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, all costs of providing notice to persons in the Settlement Class (including, but not limited to, costs for obtaining contact information for the members of the Settlement Class via subpoena or otherwise), costs for Notice, and any different or additional notice that might be ordered by the Court, and any other costs associated with administering the Settlement.

16. "*Notice Deadline*" means the date the Court sets for Notice to be provided to the Settlement Class in accordance with the Agreement. The Parties agree that the Notice Deadline shall be 30 calendar days following the entry of the Preliminary Approval Order, unless extended by the Court.

17. "*Opt-Out Request*" means a request by a Settlement Class Member to exclude himself or herself from the Settlement Class using the procedures set forth in this Agreement.

18. "*Opt-Out Period*" means the period that begins the day after the earliest date on which the Notice is first sent, and that ends 60 days after the mailing of notice. The deadline for the Opt-Out Period will be specified in the Notice.

19. "*Parties*" means Plaintiff CivCon Services, Inc. and Defendant Accesso Services, LLC.

20. "*Plaintiff*" means CivCon Services, Inc.

21. "*Preliminary Approval Order*" means, without material change, an order preliminarily approving the Settlement substantially in the form of Exhibit 2. "Preliminary Approval" occurs on the date that the Court enters the Preliminary Approval Order.

22. "*Release*" means all of the releases contained in this Agreement.

23. "*Released Claims*" means all claims to be released as set forth in the Release.

24. "*Released Parties*" means and refers to the Defendant and its subsidiaries, parent companies, agents, vendors, predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, and estates, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, owners, members, managers, agents, representatives, brokers, consultants, heirs, and assigns.

25. "*Releasing Settlement Class Members*" means Plaintiff and all Settlement Class Members, other than those who submit timely and proper Opt-Out Requests, and each of their respective

executors, representatives, heirs, spouses, partners, predecessors, assigns, beneficiaries, predecessors, successors, bankruptcy trustees, agents, attorneys, and all those who claim through them or on their behalf, and, if relevant, any co-signer, co-buyer, or co-borrower or guarantors.

26. "*Settlement*" means the compromise and settlement of the Action as contemplated by this Agreement.

27. "*Settlement Administrator*" means RG/2 Claims Administration LLC, subject to approval by the Court. The Settlement Administrator shall be responsible for providing the class Notice as well as services related to administration of the Settlement.

28. "*Settlement Award*" means a cash payment that may be available to eligible Settlement Class Members pursuant to this Agreement.

29. "*Settlement Class*" means the individuals defined and identified as follows:

> All individuals and entities that are or were tenants in Chicago Loop buildings with addresses of 200 W. Monroe, 230 W. Monroe, or 20 N. Clark who moved into or out of or paid for tenant improvements in said buildings between March 16, 2016 and December 31, 2020.

Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, parent corporations and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

30. "*Settlement Class Members*" means the Settlement Class Representative and all members of the Settlement Class.

31. "*Settlement Class Representative*" means CivCon, who is the Plaintiff in the Action, and who is also the person who Class Counsel shall request to be appointed by the Court as Class Representative for purposes of the Settlement Class. Plaintiff is also a member of the Settlement Class.

32. "*Settlement Class Representative Incentive Payment*" means the amounts Class Counsel shall request be paid to the Settlement Class Representative in accordance with this Agreement.

33. "*Settlement Effective Date*" means the fifth (5th) business day following the last of the following occurrences:

> A. The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of the Final Approval Order has expired with no appeal or other judicial review having been taken or sought; or

> B. If an appeal or other judicial review has been taken or sought, the latest of: (i) the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom; or (ii) the date the appeal(s) or

other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the District Court or to a lower appellate court following an appeal or other review, the date the Final Approval Order is entered by the District Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final Approval Order has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this Sub-Section shall apply.

C. The provisions and deadlines set forth in this Section apply even if there are no objections to the Settlement.

34. "***Settlement Costs***" means all costs incurred by Plaintiff, the Settlement Class, and Class Counsel in connection with the Action, including but not limited to (i) any Attorneys' Fees and Litigation Expenses approved by the Court; and (ii) any Settlement Class Representative Incentive Payment approved by the Court.

35. "***Settlement Fund***" means the $500,000 cash fund to be established pursuant to this Agreement.

36. "***RICO***" means the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and any regulations promulgated under it.

37. Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

### III. RECITALS

1. Plaintiff filed the Action on behalf of itself and on behalf of the putative class alleging that Accesso violated RICO by entering into agreements with local unions to require tenants to use union-only labor for moving and construction projects in buildings Accesso manages within the Chicago Loop.

2. Accesso denies all of Plaintiff's allegations, denies that it violated RICO or any other laws, denies that it entered agreements with unions to require union-only labor in buildings Accesso manages, denies it caused damages to CivCon or Settlement Class Members, and further denies that the claims alleged are amenable to class-wide treatment.

3. On February 12, 2021, the Parties reached an agreement to settle the Action as set forth in this Agreement.

4. The Settlement Class Representative believes this Action is meritorious. Class Counsel represent they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Settlement Class Members' claims against Accesso including, but not limited to: (i) reviewing relevant documents; (ii) researching the applicable law and the potential defenses; (iii) developing the argument for class certification; and (iv) advocating for the rights of the putative class. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class Members in light of all known facts and circumstances,

including the risk of significant delay, the defenses asserted by Accesso, class certification risk, trial risk, and appellate risk.

5. Accesso denies any liability or wrongdoing of any kind associated with the claims alleged and contends that this Action is not appropriate for class action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or any other federal or state rule, statute, law, or provision. Accesso continues to assert that the Action fails to meet the prerequisites necessary for class action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the Action unmanageable consistent with due process. Accesso further asserts that it has complied with all applicable provisions of federal or state statutory and common law and that it has not engaged in any actionable conduct under RICO. Accesso has also asserted a number of affirmative defenses in the Action that it believes are meritorious. Accesso further states that, despite its good faith belief that it is not liable for any of the claims asserted, and despite its good faith belief that certification is not appropriate, Accesso will not oppose the Court's certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Accesso does not waive its objections to certification of the Settlement Class, or any other class, in this Action as a litigation class.

6. The entry of the Final Approval Order in this Action shall dismiss with prejudice all claims which were or which could have been alleged in the Action against Accesso, with the exception of any claims which might be retained by Settlement Class Members who exclude themselves from the Settlement, if any, in accordance with the Opt-Out Process described in Section IX of this Agreement. Accesso shall retain any existing defenses to such excluded claims. The Parties agree to cooperate and take all steps reasonable, necessary, and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and, to the extent of the obligations set forth herein, to dismiss this Action against Accesso with prejudice.

7. Each of these Recitals is incorporated into this Agreement as if fully set forth herein.

### IV. CERTIFICATION OF THE SETTLEMENT CLASS

1. Class Counsel shall request that the Court enter an order regarding conditional settlement class certification in this Action to cover the Settlement Class Period and all claims and individuals covered by this Settlement.

2. Any certification of the Settlement Class is a conditional certification for settlement purposes only, and if for any reason the Court does not grant final approval of the Settlement, or if final approval is not granted following the appeal of any order by the Court, or if for any reason the Settlement Effective Date does not occur, the certification of the Settlement Class for settlement purposes shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to Execution of this Settlement Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, shall be admissible or used for any purpose in this Action.

3. Any certification of the Settlement Class for settlement purposes is in no way an admission by Accesso that class certification is proper in this Action or any other action against Accesso. The

Parties and Class Counsel further agree that, other than to effectuate the Settlement of this Action in this jurisdiction, the certification of the Settlement Class for settlement purposes and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, are only intended to be used under the specific facts and circumstances of this case and are not intended to be used in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding against Accesso.

## V. SETTLEMENT CLASS

1. Class Counsel shall request that the Court enter a certification order and certify for settlement purposes only the Settlement Class as defined in this Agreement.

2. This Settlement is conditioned on (1) the Execution of this Agreement by Accesso, Accesso's Counsel, Settlement Class Representative, and Class Counsel; (2) the Court's certifying the Settlement Class for settlement purposes; (3) the issuance of the Preliminary Approval Order; (4) the issuance of the Final Approval Order; and (5) the conclusion of any appeal.

## VI. TERMS OF SETTLEMENT

1. ***Settlement Fund***. Subject to the other terms and conditions of this Agreement, and subject to Court approval, Defendant agrees to pay a total of FIVE HUNDRED THOUSAND DOLLARS ($500,000) into a Settlement Fund to settle the Action with the Settlement Class pursuant to this Agreement. This Settlement Fund will be used to pay Settlement Class Members who do not opt out and any Settlement Costs, as described in this Agreement. Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Class Members who do not opt out. In no event will Defendant's payment obligations exceed the Settlement Fund and in no event will any money revert back to Accesso.

2. ***Notice and Administration Costs***. Notice and Administration Costs shall be paid by Defendant and not from the Settlement Fund.

3. ***Attorneys' Fees and Litigation Expenses***. Attorneys' Fees and Litigation Expenses approved by the Court shall be paid from the Settlement Fund, and from no other source. Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Litigation Expenses. The Settlement Administrator shall pay to Class Counsel the amount of the Attorneys' Fees and Litigation Expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel. In addition, no interest will accrue on such amounts at any time. Other than the Attorneys' Fees and Litigation Expenses approved by the Court and paid by Accesso, Class Counsel and each of them shall be entitled to no other Attorney's Fees and Litigation Expenses and, by execution below, waive and release any attorney fee lien. Accesso takes no position on the amounts to be sought by Class Counsel for an award of Attorneys' Fees and Litigation Expenses, but does not object to a reasonable award of Attorneys' Fees and Litigation Expenses sought in accordance with this Agreement. In the event that the Court does not approve the award of Attorneys' Fees and Litigation Expenses requested by Class Counsel, or the Court awards Attorneys' Fees and Litigation Expenses in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement

and shall not be a basis for rendering the entire Settlement null, void, or unenforceable. Class Counsel retains their right to appeal any decision by the Court regarding its award of Attorneys' Fees and Litigation Expenses.

4. ***Settlement Class Representative Incentive Payment***. The Settlement Class Representative Incentive Payment shall be paid from the Settlement Fund, and from no other source. Class Counsel shall apply to the Court for a Settlement Class Representative Incentive Payment for the Settlement Class Representative (in addition to any pro rata distribution it may receive under this Agreement) for the time and effort it has personally invested in the Action. The Settlement Administrator shall pay to Class Counsel the amount of Incentive Payment awarded by the Court. Class Counsel shall thereafter disburse such funds. In addition, no interest will accrue on such amounts at any time. Accesso takes no position on the amounts to be sought by Class Counsel for the Settlement Class Representative Incentive Payment, but does not object to a reasonable award sought in accordance with this Agreement. The denial by the Court of any such application by Class Counsel shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement.

5. ***Settlement Award to Settlement Class Members***. The Settlement Administrator will manage the administration process in cooperation with Class Counsel and Defendant's counsel and in accordance with this Agreement. All Settlement Class Members who do not opt out shall be paid by check, as set forth in this Agreement. Each Settlement Class Member shall receive one award. Each Settlement Class Member shall be awarded a pro rata share of the Settlement Fund, after Settlement Costs are deducted, based upon a tenant's leased square footage in the combined three buildings identified in the class definition approved by the Court.

6. ***Award Estimates***. Class Counsel shall include in the Notices a good faith estimated range for Settlement Awards.

## VII. NOTICE TO THE CLASS

1. The Settlement Administrator shall administer the Settlement. Defendant will reasonably cooperate in the notice and administration process.

2. The Settlement Administrator shall implement the notice program, as set forth in this Section. The Settlement Administrator shall, by the Notice Deadline, provide:

    A. ***Notice***. The Settlement Administrator shall perform reverse look up to identify the addresses for the Settlement Class Members.

        a. The Settlement Administrator shall provide direct notice via United States Mail to every Settlement Class Member in the class list. The Settlement Administrator shall search for updated addresses via the USPA national change of address database.

        b. The First-class notice shall contain a notice ID.

## VIII. CAFA NOTICE

1. Defendant shall provide CAFA Notice to the appropriate governmental authorities at its expense.

## IX. OPT-OUT PROCESS

1. A Settlement Class Member who wishes to exclude itself, himself, or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Settlement Administrator at the address designated in the Notice no later than 60 calendar days after the mailing of class notice. Opt-Out Requests must: (i) be timely submitted; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iv) include the following statement: "I request to be excluded from the settlement in the *CivCon v. Accesso* class action, and to waive all rights to the benefits of the settlement." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

2. The Settlement Administrator may invalidate mass-generated opt outs upon application to the Court by the Parties and subsequent approval by the Court.

3. Settlement Class Members may not submit both an Opt-Out Request and receive a Settlement Award.

4. The Settlement Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties at the end of the Opt-Out period.

5. All Settlement Class Members will be bound by all determinations and judgments in the Action. In the event that the number of persons in the Settlement Class who validly and timely submit Opt-Out Requests exceeds ten percent (10%) of the class, Defendant, in its sole and absolute discretion, may terminate this Agreement.

## X. OBJECTION PROCESS

1. A Settlement Class Member who wishes to object to the Settlement must notify the Court of his or her objection, in writing, no later than 60 calendar days after the mailing of class notice.

2. The Parties will request that the Court enter an order requiring any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, to file a written notice of objection with the Court by the objection date contained in the Notice, as well as any notice of intention to appear at the Final Approval Hearing. The objection must also be served on counsel of record by the objection date. In order to be considered by the Court, an objecting Settlement Class Member must personally sign the objection and provide the following information in connection with and as part of any objection: (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of the position the objector wishes to assert,

including the factual and legal grounds for the position and objection; and (iv) copies of any other documents that the objector wishes to submit in support of his/her/its position. Subject to approval of the Court, any objecting Settlement Class Member may, but does not need to, appear in person or by counsel at the Final Approval Hearing held by the Court to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for attorneys' fees, incentive awards, and reimbursement of reasonable litigation costs and expenses. In this respect, the objecting Settlement Class Member must file with the clerk of the Court, and serve on all counsel designated in the Notice, a notice of intention to appear by the objection deadline or on such other date that may be set forth in the Notice. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a notice of intention to appear in complete accordance with the deadlines and other specifications set out in the Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Settlement and the Notice, subject to the approval of the Court, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

3. Settlement Class Members who do not file and serve timely written objections in accordance with the procedures set forth in this Agreement have waived any objections to the Settlement and are forever foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.

## XI. DISTRIBUTION PROCESS

1. The Settlement Fund shall be funded in accordance with this Agreement. The timing of the payments by Defendant to the Settlement Fund is:

Within 14 business days following the Settlement Effective Date, Defendant shall transfer to the Settlement Administrator the Settlement Fund. Class Counsel shall provide the Settlement Administrator with the information as to whom the Attorneys' Fees and Litigation Expenses and Settlement Class Representative Incentive Payment should be distributed. Defendant shall not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement.

2. ***Settlement Award Payments***. Settlement Awards shall be paid by check. Within forty-five (45) calendar days after the Settlement Effective Date, the Settlement Administrator shall send the Settlement Award to each eligible Settlement Class Member. Checks will be valid for ninety (90) calendar days from the date on the check. The amounts of any checks that remain uncashed more than ninety (90) calendar days after the date on the check will be included as part of the *cy pres* distribution described below.

3. ***Cy Pres Distribution***. The Parties agree that, with the Court's approval, any funds from uncashed checks shall be distributed to a charitable organization of the Parties' choosing.

9

## XII. COMPREHENSIVE WAIVER, RELEASE, AND DISMISSAL

1. Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members irrevocably release, acquit, and forever discharge Accesso and the Released Parties of and from any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that were asserted in the Action, or that could have been asserted arising out of all of the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Action, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local, relating to RICO, conspiracy, labor relations, and any other laws involving the alleged requirement to use union-only labor in any of the three Chicago Loop buildings Accesso manages (the "Released Claims").

2. The Released Claims also include a release of all claims for Attorneys' Fees and Litigation Expenses incurred by Releasing Settlement Class Members or by Class Counsel or any other attorney in connection with the Action, and this Settlement, and all claims related to conduct in discovery in the Action.

3. Releasing Settlement Class Members understand and agree that the release of the Released Claims is a full and final general release applying to both those Released Claims that are currently known, anticipated, or disclosed to Releasing Settlement Class Members and to all those Released Claims that are presently unknown, unanticipated, or undisclosed to any Releasing Settlement Class Members arising out of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action. Releasing Settlement Class Members acknowledge that the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all such unknown claims. In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or the classes may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action. In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or as Settlement Class Members may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action under the terms of Section 1542 (a) of the California Civil Code (or similar statute in effect in any other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

4.  The Parties acknowledge that this Settlement, including the releases provided in this Section, reflects a compromise of disputed claims.

5.  The Final Approval Order shall dismiss the Action with prejudice and shall incorporate the terms of this release.

**XIII. DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY COURT APPROVAL**

1.  Class Counsel shall apply to the Court for the entry of an order granting Preliminary Approval of the Settlement substantially in the following form:

    A.  Preliminarily approving the Settlement;

    B.  Conditionally certifying the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

    C.  Approving as to form and content the proposed Notice;

    D.  Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Settlement Class;

    E.  Approving Foster P.C., Stephan Zouras, LLP, The Walner Law Firm, LLC, and Caroline J. Smith & Associates, P.C. as Class Counsel;

    F.  Approving CivCon as Settlement Class Representative; and

    G.  Approving RG/2 Claims Administration LLC as Settlement Administrator.

    H.  Pending determination of whether the Settlement should be finally approved, barring and enjoining all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out.

2.  Accesso shall not unreasonably withhold cooperation from Class Counsel to obtain Preliminary Approval. The Parties shall continue to take any steps necessary to stay any pending proceedings so as to preserve the status quo until either the Settlement Effective Date occurs or the Settlement Agreement is voided.

**XIV. DUTIES OF PARTIES FOLLOWING PRELIMINARY COURT APPROVAL**

1.  Following Preliminary Approval by the Court of the Settlement, and no later than the filing of the motion for final approval, Class Counsel will submit a proposed Final Approval Order in the form of the Final Approval Order attached hereto as <u>Exhibit 3</u>. The proposed Final Approval Order shall:

   A. Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate and directing consummation of its terms and provisions;

   B. Find that the Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

   C. Certify the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

   D. Approve Class Counsel's application for an award of Attorneys' Fees and Litigation Expenses pursuant to this Agreement;

   E. Approve the Settlement Class Representative Incentive Payments;

   F. Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

   G. Confirm that Settlement Class Representative and the Settlement Class Members (other than those who timely filed valid Opt-Out Requests) have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

   H. Dismiss the Action on the merits and with prejudice as to the Settlement Class Representative and the Settlement Class Members (other than those who timely filed valid Opt-Out Requests);

   I. Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

2. Accesso shall not unreasonably withhold cooperation from Class Counsel to obtain final approval and the dismissal of the Action.

3. The Final Approval Order shall not be considered final until the occurrence of the Settlement Effective Date.

4. Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The Preliminary Approval Order will contain an injunction enjoining the prosecution of the Released Claims by any person unless and until after such person is validly excluded from the Settlement Class or is not a Settlement Class Member.

## XV. MUTUAL FULL COOPERATION

1. The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement. As soon as practicable after Execution of this Settlement, Class Counsel shall, with the reasonable assistance and cooperation of Accesso and its counsel, take all reasonable and necessary steps to secure the Court's Final Approval Order.

## XVI. STATEMENT OF NO ADMISSION

1. Nothing contained in this Agreement shall be construed against Accesso or deemed an admission of liability, culpability, or wrongdoing on the part of Accesso, and Accesso denies liability for any alleged wrongdoing. Accesso expressly denies liability for the claims asserted and specifically denies and does not admit any of the pleaded facts not admitted in its pleadings in the Action. Nor shall this Agreement constitute an admission by Accesso as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Action. Likewise, nothing in this Agreement shall be construed or deemed an admission by Plaintiff or the Settlement Class with regards to the validity of any of the defenses or affirmative defenses asserted by Accesso. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

2. This Agreement, and all related documents, including the Settlement Agreement, the certification for settlement purposes entered pursuant to this Agreement, and any Opt-Out Requests, Objections or other materials submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Action or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against Accesso, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

3. The Opt-Out Requests, Objections, and any other evidence produced or created by any Settlement Class Member in connection with the claims resolutions procedures pursuant to this Settlement, and any actions taken by Accesso in response to such materials do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by Accesso of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

4. Any certification of the Settlement Class in accordance with the terms of this Agreement is for settlement purposes only. Nothing in this Agreement will be construed as an admission or acknowledgement of any kind that any class should be certified in this Action or in any other action or proceeding. Further, neither this Agreement, nor the Court's actions with regard to this Agreement, will be deemed admissible in this Action and are not intended to be admissible (and

Plaintiff and Class Counsel shall not seek their admission), in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment. In the event that this Agreement is not approved by the Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, Accesso will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Action. Such objections and defenses include, but are not limited to, Accesso's objections and defenses to any class-wide treatment and nothing in this Agreement or any document related to this Agreement shall be construed as a waiver by Accesso of its contention that class certification is not appropriate and is contrary to law in this Action or any other case or proceeding.

### XVII. VOIDING THE AGREEMENT

1. Class Plaintiff and Accesso shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

   A. The Court rejects or declines to finally approve the Agreement and the parties assert in writing that they are waiving any right to appeal said rejection;

   B. An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without substantial and material change by the Court on remand;

   C. The Settlement Effective Date does not occur; or

   D. Any other ground for termination set forth in this Agreement.

2. All Settlement Class Members will be bound by all determinations and judgments in the Action. In the event that the number of persons in the Settlement Class who validly and timely submit Opt-Out Requests exceeds ten percent (10%) of the class, Defendant, in its sole and absolute discretion, may terminate this Agreement.

3. In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against Accesso, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement.

4. In the event that the Court does not approve the Attorneys' Fees and Litigation Expenses in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Litigation Expenses requested by Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable. Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Litigation Expenses.

## XVIII. SIGNATORIES' AUTHORITY

The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## XIX. NO PRIOR ASSIGNMENTS

The Parties represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XX. NOTICES

1. Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given: (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested, or (iv) on the day received for delivery by e-mail. All notices given under this Agreement shall be addressed as follows:

  A. To the Class:

  Howard Foster
  FOSTER PC
  10 S. Riverside Plaza, Suite 875
  Chicago, IL 60606
  Email: hfoster@fosterpc.com

  B. To Defendant:

  Robert E. Entin
  POLSINELLI, P.C.
  150 N. Riverside Plaza, Suite 3000
  Chicago, IL 60606
  Email: rentin@polsinelli.com

  Mark A. Olthoff
  POLSINELLI, P.C.
  900 W. 48th Place, Suite 900
  Kansas City MO 64112
  Email: molthoff@polsinelli.com

## XXI. CONFIDENTIALITY

The substance of the negotiations, but not the date or place related to this Agreement, will remain strictly confidential and shall not be discussed with anyone other than the Settlement Class Representative, Accesso, their retained attorneys, their accountants and financial or tax advisers, their retained consultants, their insurers, reinsurers, auditors, and counsel, and the Court unless otherwise agreed to by Class Counsel and Accesso or unless otherwise ordered by the Court.

## XXII. PRESS RELEASE

No Party, nor their counsel, shall initiate any statements to the media regarding the Settlement. The Parties shall agree on a statement to be used in the event of press inquiries regarding the Settlement. The Parties shall not make any other statements to the media regarding this Settlement.

## XXIII. DOCUMENTS AND DISCOVERY

Class Counsel will maintain confidentiality of documents and data produced Accesso in the Action pursuant to any protective order entered in the Action, and within sixty days following the Settlement Effective Date, shall either return such documents and data or certify that such documents and data have been destroyed.

## XXIV. MISCELLANEOUS PROVISIONS

1. *Construction*. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement.

2. *Captions and Interpretations*. Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

3. *Modification*. This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court. Notwithstanding the foregoing, the Parties agree that any dates contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

4. *Integration Clause*. This Agreement, the exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement. No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

5. ***Binding on Assigns***. This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

6. ***Class Counsel Signatories***. It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement. The Notice will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature of the Release. Excepting only those Settlement Class Members who timely submit a valid Opt-Out Request, such Notice shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

7. ***Counterparts***. This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

8. ***Applicable Law***. This Agreement shall be governed by Illinois law without regard to its choice of law or conflicts of law principles or provisions.

**REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK**

ACCEPTED AND AGREED:

*Jorge Moreno*            3/8/2021

JORGE MORENO            Date

CIVCON SERVICES, INC.

ON BEHALF OF PLAINTIFF AND SETTLING CLASS MEMBERS:

*Howard Foster*            3/8/2021

HOWARD FOSTER            Date

FOSTER P.C.

*Jim Zouras*            3/8/2021

JAMES ZOURAS            Date

STEPHAN ZOURAS LLP

*Aaron Walner*            3/8/2021

AARON WALNER            Date

THE WALNER LAW FIRM, LLC

           3/8/2021

CAROLINE SMITH            Date

CAROLINE J. SMITH & ASSC., P.C.

ON BEHALF OF DEFENDANT:

           03/05/21

DANIEL GOLDSTEIN            Date

ACCESSO SERVICES, LLC

As to Form:

           03/05/21

MARK A. OLTHOFF            Date

POLSINELLI PC

18