# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CIVCON SERVICES, INC., individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>ACCESSO SERVICES, LLC )<br><br>Defendant ) | Case No. 1:20-cv-01821 |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court having held a Final Approval Hearing on July 21, 2021, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) conditionally certifying a Settlement Class, (3) approving notice plan and (4) setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated March 8, 2021, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No. 51) are also incorporated by reference into this Final Approval Order.

1

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All individuals and entities that are or were tenants in Chicago Loop buildings with addresses of 200 W. Monroe, 230 W. Monroe, or 20 N. Clark who moved into or out of or paid for tenant improvements in said buildings between March 16, 2016 and December 31, 2020.

3. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between counsel for Plaintiff and counsel for Defendant.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and exclusion procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Final Approval Order.

6. There were no objections to the Agreement.

7. The Court finds that Financial Health Network Inc. is not a class member and has no standing to object to the Settlement Agreement.

8. The Court hereby finally approves the Settlement Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Settlement Agreement. The Settlement Administrator will manage the administration process in cooperation with Class Counsel and Defendant's counsel and in accordance with the Settlement Agreement. All Settlement Class Members who do not opt out shall be paid by check, as set forth in the Settlement Agreement. Each Settlement Class Member shall receive one award. Each Settlement Class Member shall be awarded a pro rata share of the Settlement Fund after Settlement Costs are deducted.

11. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

12. As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Settlement Agreement. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

13. The Settlement Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of RICO or any other federal or state statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Accesso Services, LLC or as to the truth of any of the claims. Defendant does not admit that Plaintiff or

any member of the proposed Settlement Class were damaged in any way, and in fact expressly deny the same. Defendant does not admit any liability, wrongdoing, or fault, and this Settlement should not be construed in whole or in part as an admission on the part of Defendant of any liability, wrongdoing, or fault. Defendant agrees to seek approval of this settlement to avoid the burden and expense of litigation, only.

14. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Settlement Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Defendant or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

15. In the event for any reason, the Settlement Agreement is terminated or fails to become effective, then it shall be null and void, and no stipulation, representation, or assertion of fact made in the Settlement Agreement or any Term Sheet may be used by any Party. The Parties shall, to the fullest extent possible, be returned to their respective positions in the Litigation as of the date of the Settlement Agreement, and Defendant will not be deemed to have waived any of its defenses.

16. In the event that any provision of the Settlement Agreement or this Final Approval Order is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought

by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Approval Order, and this Court's authority to effectuate the Settlement Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17. Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) this Court makes the following findings of fact and conclusions of law:

    a. that the Settlement confers substantial benefits on the Settlement Class Members;

    b. that the value conferred on the Settlement Class is immediate and readily quantifiable upon this Judgment becoming Final (as defined in the Settlement Agreement), Settlement Awards shall be paid by check;

    c. that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

    d. that the Settlement was obtained as a direct result of Class Counsel's advocacy;

5

  e. that the Settlement was reached following extensive negotiation between Class Counsel and Counsel for Defendant, and that the Settlement was negotiated in good-faith and in the absence of collusion;

  f. that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to 35% of the Settlement Fund plus reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

  g. that no members of the Settlement Class have submitted written objection(s) to the award of attorneys' fees and expenses; that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) The requested fee award is consistent with other fee awards in this Circuit. *Douglas v. W. Union Co.*, 328 F.R.D. 204 (N.D. Ill. 2018) (attorney fee award of $425,000 was appropriate); *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 2001 WL 1568856, at *3 (N.D. Ill. Dec. 10, 2001) (attorney-fee award of $4,666,667.67 was appropriate); *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 245 (7th Cir. 2014) (attorney-fee award of $2,033,333.33 was appropriate). Accordingly, pursuant to the Court's June 10, 2021 Order (ECF No. 55), Class Counsel are hereby awarded $175,000.00 for attorney fees and $487.90 for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable as well as approximate to the fees that the lawyers and their clients would have agreed to at the outset of the litigation given the suit's risks, competitive rates in the market, and related considerations and which amount shall be paid to Class

Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18. Also pursuant to the Court's June 10, 2021 Order (ECF No. 55), the Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $6,000.00 for its efforts in this case. *See Hawkins v. Securitas Sec. Servs. USA, Inc.*, 280 F.R.D. 388, 395 (N.D. Ill. 2011) ("Incentive awards for class representatives are common."); *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir.1992) (Incentive awards provide compensation to the class representative for time spent testifying at deposition and perhaps at trial, and also for subjecting herself to the "slight risk of being made liable for sanctions, costs, or other fees should the suit go dangerously awry.").

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: July 8, 2021

                                                      HONORABLE VIRGINIA M. KENDALL